# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | | |
|---|---|---|
| DAVID W. MORRIS, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV621-090 |
| | ) | |
| WARDEN BOBBITT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

The Court previously granted *pro se* plaintiff David W. Morris, Sr.'s requests to amend his complaint. *See* doc. 32 at 2 (noting "no fewer than nine motions seeking leave to amend his Complaint"); *see also* doc. 36 at 2-3 (explaining that Morris needed to file a single amended pleading, and not seek to amend his claims piecemeal). In response to the Court's Order, Morris sent correspondence indicating that he is "not prepared to amend [his] Complaint[,]" and requesting that the Court "disregard" his motions to amend. *See* doc. 37. Despite the request that they be disregarded, he asks that several documents be admitted "as mitigating circumstances evidence." *Id.* Based on Morris' correspondence, the Court considers all his requests to amend his Complaint withdrawn. His

request that previously filed material be admitted as "evidence" is moot at this pre-service stage of the proceedings.

The Court, therefore, proceeds to screen his Complaint. Because the Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the Complaint are taken as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal). As Morris is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed. *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

Morris' Complaint principally concerns various prison officials' failure to provide him—or to provide him consistently—with medically required footwear. *See generally* doc. 1. Morris claims that he has several orthopedic implants resulting from a motorcycle accident in 2005. *See id.* at 7. In 2016, while incarcerated, he was seen by a doctor who diagnosed "a ½ inch length discrepancy in his left leg," and referred Morris to be

fitted for a "custom boot with a ½ inch lift." *Id.* at 9. He further alleges that the doctor discovered a "broken orthopedic wire" in his wrist, but determined repair would "cause [Morris] too much trouble . . . ." *Id.* He alleges, generally, that "[s]ince 2016 until this writing on 11-17-2021, I have been in possession of a medical boot with a ½ inch lift maybe 3 yrs total in all this time." *Id.* His allegations also detail an interaction with "Ms. Sharpe," concerning an exception to the prison's requirement that inmates wear "crocs." *See id.* at 9-10.

He next alleges that he was "called to medical" on June 22, 2020 where he had a new pair of the prescribed boots. *See* doc. 1 at 11. He was initially denied the boots "because [he] didn't have old boots to turn in." *Id.* It is not clear why he did not have his previous pair of boots. Despite the initial refusal, "[a] week later," he was given the new boots. He then alleges that in 2021, he was placed in medical isolation because he was diagnosed with "scabies." *Id.* at 11-12. He was released after two days. *Id.* at 12. Upon his release he alleges a dispute with an unidentified prison official concerning his housing location. *Id.* His property was misplaced and, at the time of filing, he was "awaiting [final] response" to his grievance. *Id.* at 13.

The allegations in Morris' Complaint are simply too vague to state a claim upon which relief may be granted. *See, e.g., Hall v. Smith*, 170 F. App'x 105, 107-08 (11th Cir. 2006) ("Vague and conclusory allegations will not support a claim under § 1983." (citation omitted)). To the extent that the Court can discern the facts, no plausibly viable claim is suggested. First, the chronology of the allegations suggests that any claim arising from them would be time barred. Second, to the extent that Morris intends to assert deliberate-indifference-based constitutional claims, he never sufficiently alleges any defendant's subjective deliberate indifference. Third, as to some potentially implicated claims, it is clear that Morris failed to exhaust his administrative remedies before filing his Complaint. Finally, to the extent that he expressly asserts claims for monetary damages against various defendants in their "official capacities," those claims fail.

Section 1983 claims are subject to the statute of limitations applicable to personal-injury torts under state law. *Wallace v. Kato*, 549 U.S. 384, 387 (2007) (internal citation omitted). Under Georgia law, the statute of limitations for such claims is two years. O.C.G.A. § 9-3-33; *see Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986). Generally,

the statute of limitations for § 1983 claims begins to run when facts supporting the cause of action are or should be reasonably apparent to the plaintiff. *Brown v. Ga. Bd. of Pardons & Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003) (*per curiam*). The application of Georgia's statute of limitations is complicated by the application of orders from the Georgia Supreme Court tolling statutes of limitations for 122 days between March 14, 2020 and July 14, 2020. *See, e.g., Kennedy v. South Univ.*, 2022 WL 628541, at *4-*5 (S.D. Ga. Mar. 3, 2022) (explaining the application of the Georgia Supreme Court's COVID-19 Emergency Order) (Baker, J.). Regardless of the tolling, however, Morris' allegations focus on events that occurred in 2016. *See* doc. 1 at 8-10. Although it is not entirely clear what the relationship is between those allegations and the claims Morris asserts, any claims arising from events in 2016 are likely time barred.

Morris waves at deliberate-indifference-based § 1983 claims in his Complaint. *See, e.g.,* doc. 1 at 17 (citing *Farmer v. Brennan*, 511 U.S. 825 (1994)). Prison officials violate the Eighth Amendment "when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not respond reasonably to the risk."

*Brooks v. Warden*, 800 F.3d 1295, 1301 (11th Cir. 2015) (internal quotation and citation omitted). To state a claim that a defendant was deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment, a plaintiff must allege (1) that he suffered a sufficiently serious medical need; (2) to which the defendants were deliberately indifferent; (3) resulting in an injury. *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1326 (11th Cir. 2007). Morris has not alleged that any defendant was subjectively aware of any risk or medical need, beyond wholly general and conclusory assertions.[1] *See, e.g.,* doc. 1 at 18 ("I had proven actual knowledge of impending harm by showing that I complained to all of these prison officials about a specific threat to my leg and my disability."). Such general and conclusory assertions are not sufficient to support a claim. *See, e.g., Iqbal*, 556 U.S. at 678 (adequate

---

[1] It appears likely that, as to his claims against at least some defendants, Morris asserts only supervisory liability. *See, e.g.,* doc. 1 at 14 (alleging "every[ ]one of these Defendants were in a supervisory position at one time or another," with one exception). However, "[s]ection 1983 claims may not be brought against supervisory officials solely on the basis of vicarious liability or *respondeat superior*." *Averhart v. Warden*, 590 F. App'x 873, 874 (11th Cir. 2014) (citing *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010)). Since Morris has not alleged distinct claims, the Court remains uncertain as to the extent those claims might assert supervisory officials' vicarious liability.

pleading "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.")

It is also clear that some claims, whether Morris intended to assert them or not, are unexhausted.[2] The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of available remedies is mandatory; "[a]nd that mandatory language means a court may not excuse a failure to exhaust, even to take [special] circumstances into account." *Ross v. Blake*, 578 U.S. 632, 638-39 (2016). Moreover, the statute's plain language "means that until such administrative remedies as are available are exhausted, a prisoner is precluded from filing suit in federal court." *Leal v. Georgia Dept. of Corrs.*, 254 F.3d 1276, 1279 (11th Cir. 2001) (internal quotation marks and citation omitted); *see also McDaniel v. Crosby*, 194 F. App'x 610, 613 (11th Cir. 2006) (grievances and administrative appeals submitted after a complaint was filed, cannot

---

[2] Although failure to exhaust administrative remedies is an affirmative defense, when the failure to exhaust is apparent on the face of the complaint, dismissal is warranted under 28 U.S.C. § 1915A. *Jones v. Bock*, 549 U.S. 199, 214-15 (2007).

be used to support [a] claim that [a plaintiff] exhausted his administrative remedies, because satisfaction of the exhaustion requirement was a precondition to the filing of [the] suit, and, thus, must have occurred before the suit was filed." (citation omitted)). Morris expressly alleges that, as to a grievance about his property (which perhaps includes his prescribed footwear), he is "still awaiting response" to his appeal. *See* doc. 1 at 13. It appears, therefore, that his claim is unexhausted.

Finally, to the extent that Morris asserts claims against various defendants in their "official capacities," his claims fail. Morris' Complaint is explicit in seeking only monetary damages. *See* doc. 1 at 6. As this Court has recently explained, "States are immune from private suits pursuant to the Eleventh Amendment and traditional principles of state sovereignty. [Cit.] Because a lawsuit against a state officer in his or her official capacity is not different from a suit against the state itself, such a defendant is immune from suit under § 1983." *Ringold v. Odum*, 2022 WL 848090, at *2 (S.D. Ga. Feb. 24, 2022) (internal quotation marks, alterations, and citations omitted).

In summary, Morris has failed to state any claim upon which relief can be granted. His general allegations of problems with the prison's provision of his prescribed orthopedic footwear are simply too vague and conclusory to state a claim against any defendant. To the extent that the allegations are discernable, defects which would be fatal to any claim are facially apparent. Ordinarily, a *pro se* plaintiff would be afforded an opportunity to amend his complaint. *See Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015). However, Morris has already had ample opportunity to amend his Complaint, *see* docs. 32 & 36, and has now expressly disavowed any further intent to amend. *See* doc. 37 at 1. Accordingly, his Complaint is **DISMISSED**. *See, e.g., Salazar v. McGillicuddy Works, LLC*, 2013 WL 209210, at *2 (S.D. Ga. Jan. 17, 2013) ("Courts are not required to give [*pro se*] plaintiff endless opportunities to amend . . ." (citation omitted)).

**SO ORDERED,** this 18th day of May, 2022.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA