UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| DAVID W. MORRIS, SR., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CV621-090 |
| WARDEN BOBBITT, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## ORDER

*Pro se* plaintiff David W. Morris filed a 42 U.S.C. § 1983 Complaint in December 2021. Doc. 1. The Court dismissed this case in May 2022. Docs. 38 & 39. The Court of Appeals dismissed Plaintiff's appeal in January 2023. Doc. 50. The Court previously denied two of Morris' requests for photocopies of filings in this case. Docs. 53 & 56. Morris has filed another Motion seeking reconsideration of those orders. *See* doc. 57. For the reasons explained below, it is **DENIED**. Doc. 57.

Morris' Motion is, again, difficult to understand. He states that he seeks "all [d]iscovery from this case." Doc. 57 at 1. This case never proceeded to discovery. *See generally* docket. It is, therefore, unclear precisely what Morris wants, but it is clear that he wants copies of

documents filed into this case. *See* doc. 57 at 4 ("Copies from this cause of action entail the first 11 years of case 625-cv-22[,] therefore all facts are [r]elevant and [illegible]."). What he appears to seek is for the Court to provide him with copies and permit him to pay upon receipt of the copies and perhaps not in full. *See id.* It is clear beyond any dispute that "[t]he statutory right to proceed in forma pauperis does not include the right to obtain copies of court orders, indictments, and transcript of record without payment therefor, for use in proposed or prospective litigation." *Harless v. United States*, 329 F.2d 397, 398-99 (5th Cir. 1964).[1] There is, therefore, no facility for this Court to alter the Clerk's policies concerning payment for copies of Court records. To the extent that Morris' Motion seeks such a modification, it is **DENIED**. Doc. 57.

Morris does not need to file any motion to secure copies of documents in this case. He merely needs to comply with the Clerk's policies concerning payment for those copies. Any request concerning the procedures for such payment must be made to the Clerk. To the extent that Morris suggests certain payment arrangements, *see* doc. 57 at 4, 6, if

---

[1] The Eleventh Circuit has adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

the Clerk is able to accommodate those arrangements, Morris does not need any leave from the Court. To the extent that he requests leave to obtain payment accommodations that are available from the Clerk, his Motion is moot.

**SO ORDERED**, this <u>18th</u> day of November, 2025.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA